No. 80,391

In the Matter of KERRY J. GRANGER, *Respondent*.

(962 P.2d 529)

Opinion filed July 10, 1998.

*Marty M. Snyder*, deputy disciplinary administrator, argued the cause and was on the brief for petitioner.

*William L. Mitchell*, of William L. Mitchell, P.A., of Hutchinson, argued the cause for respondent, and *Kerry J. Granger*, respondent, appeared pro se.

*Per Curiam*: This is an original contested proceeding in discipline filed by the office of the Disciplinary Administrator against Kerry J. Granger of Hutchinson, an attorney licensed to practice law in the state of Kansas. Complaints against Granger alleged that he violated MRPC 1.3 (1997 Kan. Ct. R. Annot. 276) (Diligence), MRPC 1.4 (1997 Kan. Ct. R. Annot. 282) (Communication), MRPC 3.2 (1997 Kan. Ct. R. Annot. 333) (Expediting Litigation), and MRPC 8.4 (1997 Kan. Ct. R. Annot. 366) (Misconduct).

## FACTS AND DISCUSSION:

The facts are not disputed, though Granger filed exceptions to the findings of fact adopted by the disciplinary panel. Granger agreed to represent Angie Schwartz, who was seeking a divorce in June 1995. Granger drafted a petition, which was signed and notarized by Schwartz in July 1995. Schwartz paid $300 as a retainer, for which Granger wrote her a receipt. Between October 1995 and April 1996, Schwartz repeatedly left messages for Granger requesting information on the status of her case. Granger does not recall returning Schwartz' messages or communicating the status of Schwartz' case to her between October 1995 and April 1996.

Not until April 19, 1996, did Granger file Schwartz' petition for divorce. He filed it 3 days after being notified of Schwartz' complaint to the Disciplinary Administrator. At the time the petition for divorce was finally filed, Schwartz had been living in Oklahoma for more than 60 days. Despite this, the petition alleges Schwartz had been a resident of Kansas in the preceding 60 days.

During the disciplinary investigation, Granger learned through the investigator, Jerry Ricksecker, that Schwartz wanted the petition for divorce dismissed and her retainer returned. Granger dismissed the petition and returned the retainer to Schwartz through Ricksecker. At this point, Schwartz was satisfied and did not wish to further pursue the complaint.

The complaint was filed June 13, 1997, after the disciplinary panel was named and well after the hearing date had been set. Granger had been informed in February 1997 that a hearing was set for July 9, 1997. Granger received a notice of hearing before the formal complaint had been filed by the Disciplinary Administrator. Granger asserted that this procedure violated Supreme Court Rule 211(c) (1997 Kan. Ct. R. Annot. 223), which states a hearing will be set after a complaint and the time for an answer has passed. Granger argued to the panel that because the complaint was filed barely 20 days before the hearing, he did not have time to answer the complaint or prepare a defense for the hearing with due diligence.

At the hearing, the Deputy Disciplinary Administrator acknowledged her failure to comply with procedure set out in the rule and stated her office had not followed this procedure for approximately 10 years. She explained it was necessary to set a hearing date well in advance of the hearing so that all involved could avoid scheduling difficulties and attend the hearing. Thus, the office sets the date of the hearing prior to filing the complaint to accommodate the panel members and the parties. The Deputy Disciplinary Administrator argued that unless Granger could show actual prejudice, Supreme Court Rule 224(d) (1997 Kan. Ct. R. Annot. 253) prohibits a claim of deviation in procedure as a defense to a disciplinary proceeding.

The panel noted Granger's objection. The panel then found clear and convincing evidence of violations of MRPC 1.3, 1.4, and 3.2 because Granger did not return his client's phone calls or otherwise provide information about the progress (or lack of it) in her case over the course of 6 months. The panel did not find clear and convincing evidence of a violation of MRPC 8.4.

The panel found the following aggravating factors:

"a.   Prior disciplinary offenses. In 1980, Respondent was publicly censured; in 1975, under the previous Canons of Ethics, he was informally admonished [in each case for his failure to handle an appeal with diligence and in a professional manner].

"c.   Pattern of misconduct and d. Multiple offenses. The Kansas Supreme Court disciplined Respondent previously for a similar serious offense.

"g.   Refusal to acknowledge wrongful nature of conduct. Respondent has re-funded Complainant's retainer and written her a letter of apology, but he does not acknowledge his wrongdoing in keeping her divorce on hold for more than six months.

"h.   Vulnerability of the victim. The Panel does not find the complainant to be more or less vulnerable than is any other lawyer's client. However, testimony at the hearing is that Respondent's clients are usually indigent and have few options available in the legal arena.

"i.   Substantial experience in the practice of law. Respondent is a 1967 graduate and admittee to practice and has sufficient experience to have been attentive to the duty to his client."

The panel found the following mitigating factors:

"b.   Absence of a dishonest or selfish motive. Respondent does not seem to have profited by his delay.

"g.   Previous good character and reputation. Such evidence was presented through the testimony of the First Assistant Reno County Attorney, and the investigator, and letters from the Reno County bar."

After considering the evidence, and the aggravating and mitigating factors, the panel recommended a 2-year suspension, the imposition of which should be suspended and during which time Granger should be placed on probation. The panel also recommended that conditions of probation should include that attorney Stanley Juhnke's office should take Granger's phone calls, that Granger should retrieve the messages daily, that Granger should return all calls within 3 working days, and that Mr. Juhnke should be available for consultations on office management and certain reporting requirements. Finally, the panel recommended that non-compliance with the conditions of probation should result in an indefinite suspension.

Granger filed exceptions to the final hearing report. He took exception to the panel admitting certain exhibits over his hearsay objection made during the hearing, certain findings of fact and conclusions of law, the aggravating factors considered, and other

mitigating factors which were not considered. Again, Granger provides no specifics for any of these exceptions. Finally, Granger takes exception to the panel's recommended disposition.

Granger complains to this court that it took too long between the time he was notified charges would be filed (February 1997) and the time the complaint was filed (June 13, 1997). Granger cites *In re Ratner*, 194 Kan. 362, 373, 399 P.2d 865 (1965), to support his argument that the equitable defense of laches should apply to this proceeding. There, Ratner discontinued a particular practice after an Illinois case indicated the practice may be unethical. Six years after Ratner discontinued the practice, disbarment proceedings were brought against Ratner based in part upon the discontinued practice. Given these facts, the *Ratner* court noted that although no statute of limitations is applicable to actions seeking disbarment, this court has recognized that charges may become so stale that it would be inequitable to act upon them. The *Ratner* court found the charges to be stale. 194 Kan. at 372-73.

The facts in *Ratner* differ significantly from the facts in this complaint. Prior to the filing of the complaint, Granger was informed by the Disciplinary Administrator as to what charges would be brought. Three months later, formal charges were filed. While Granger claims this procedure violates Supreme Court rules and due process, he does not specifically state how he was prejudiced.

The Deputy Disciplinary Administrator argues that Granger generally takes exception with findings of fact and conclusions of law but does not identify a specific problem with them. She asserts a formal complaint cannot be filed until the disciplinary panel has been named. She contends that if a scheduling irregularity occurred, Granger was not prejudiced. We agree with the Deputy Disciplinary Administrator's assertion. Granger's claim that he was denied a speedy disposition of the complaint is without merit.

Finally, Granger asserts his actions do not justify the panel's recommended penalty. He claims that all parties had previously agreed that an informal admonition with conditions would be the appropriate sanction. The Deputy Disciplinary Administrator denies that an informal admonition was the agreed sanction and recommends that the court adopt the panel's recommendation of a 2-

year suspension, the imposition of which should be suspended, and supervision of respondent's office practice and management.

Considering the evidence presented, we have no hesitation in finding that there is clear and convincing evidence that the respondent failed to act with diligence, failed to communicate, and failed to expedite litigation. The panel found that Granger is an experienced attorney, capable of acting with diligence and in a professional manner. Under the circumstances, we do not believe that the proper solution to Granger's failure to communicate requires consultation on office management and reporting requirements (*i.e.*, enforced micro-management of his office under court supervision). We conclude that discipline by published censure is appropriate at this time. Should the respondent again appear before this court under similar circumstances, the solution will be simple and severe.

IT IS ORDERED that Kerry J. Granger be disciplined by published censure.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to Granger.